**UNITED STATES DISTRICT COURT**
**FOR THE**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| PATRICK COMPTON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED COLLECTIONS BUREAU, INC. ,<br><br>Defendant. | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT

PATRICK COMPTON ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against UNITED COLLECTIONS BUREAU, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant's regularly conducts business in the State of Ohio, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Toledo, Ohio 43609.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a professional corporation specializing in debt collection with its principal place of business located at 5620 Southwyck Boulevard, Suite 206, Toledo OH 43614.

9. Upon information and belief, Defendant is a corporation that provides call center, collections, insurance and debt purchase services to companies in the United States.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and contacted Plaintiff in an attempt to collect a debt.

11. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

13. At all times material hereto, Defendant contacted Plaintiff in its attempts to collect a consumer debt owed by another person.

14. Upon information and belief, the debt arose out of transactions that were for personal, family or household purposes.

15. Beginning in early June 2015 and continuing through September 2015, Defendant placed repeated harassing calls to Plaintiff's cellular telephone seeking to contact an unknown third party named "Kendall Travick" (phonetic) regarding a Mercy Hospital bill.

16. Plaintiff initially told Defendant it had the wrong number and to stop calling in mid-June 2015.

17. Defendant ignored Plaintiff's request and continued to call his cellular telephone.

18. Plaintiff reiterated this request for calls to cease in September 2015.

19. However, the calls continued.

20. Plaintiff also used the automated prompt system on the phone to attempt to remove his number, but this also did not work as the calls continued.

21. Once Defendant was aware that its calls were to the wrong person, continued calls could only have been for the purpose of harassment.

22. Defendant also called at inconvenient times, such as when he is at work, or on weekends.

23. Plaintiff told Defendant that it was not convenient for him to receive calls during these times.

24. After Defendant ignored Plaintiff and continued to call, and in order to get the calls to stop, Plaintiff downloaded an app to his phone to block Defendant's calls.

25. When placing these calls, Defendant used an automatic telephone dialing system and/or prerecorded voice to contact Plaintiff.

26. Plaintiff knew that Defendant used an automatic telephone dialing system and/or prerecorded voice to contact him as an automated message would play at the beginning of the calls from Defendant.

27. Plaintiff never consented to these calls being placed to his cellular telephone.

28. Defendant's phone calls were not made for an emergency purpose, but rather to collect the debt of an unknown third party.

29. By continuously calling over a debt he did not owe, and failing to update its records to avoid the further harassment of Plaintiff, Defendant engaged in conduct which had the natural consequences of harassing the recipient.

30. Defendant's actions, as described herein, were taken with the intent to harass, deceive and coerce payment from Plaintiff for a debt he does not owe.

**COUNT I**
**DEFENDANT VIOLATED § 1692b(3) OF THE FDCPA**

31. A debt collector violates section 1692b(3) of the FDCPA by communicating with any person other than the consumer in connection with the collection of any debt and stating that the consumer owes a debt.

**32.** Defendant violated section 1692b(3) of the FDCPA when it called Plaintiff looking for an unknown third party by the name of "Kendal Travick" on more than one occasion and stating that the third party owed a debt.

**COUNT II**
**DEFENDANT VIOLATED § 1692c(a)(1) OF THE FDCPA**

33. A debt collector violates section 1692c(a)(1) of the FDCPA by communicating with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antimeridian and before 9 o'clock postmeridian, local time at the consumer's location.

34. Defendant violated section 1692c(a)(1) of the FDCPA when it called Plaintiff at inconvenient times, such as when he was at work and on weekends.

**COUNT III**
**DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE FDCPA**

35. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

36. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

37. Defendant violated §§ 1692d and 1692d(5) when it placed repeated harassing telephone calls to Plaintiff, including after Plaintiff told Defendant to stop calling and that it was calling the wrong party.

**COUNT IV**
**DEFENDANT VIOLATED § 1692f OF THE FDCPA**

38. A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

39. Defendant violated § 1692f when it called his repeatedly including after it was told to stop calling, and when it called Plaintiff at school despite knowledge it was not convenient for his to receive calls at school.

**COUNT V**
**DEFENDANT VIOLATED THE TCPA**

40. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone.

41. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

42. Defendant's calls to Plaintiff were not made for emergency purposes.

43. Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent.

44. Defendant's calls continued despite Plaintiff telling Defendant's representatives to stop calling.

45. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

46. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

47. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, PATRICK COMPTON, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

c. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

d. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

e. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

f. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

g. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

h. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, PATRICK COMPTON, demands a jury trial in this case.

Respectfully submitted,

Dated: May 23, 2016

/s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg, Esquire
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com